*Lw Library*

## IN THE SUPERIOR COURT
## OF GUAM

MARIA AGUON CRUZ, JOANNE AGUON )
SCHAFER, ROSEMARIE AGUON SELBO, )
NANCY AGUON CRUZ, JEANNIE-MARIE )
AGUON WILHELMI, BARBARA JEAN )
AGUON TOUT and PATRICK MICHAEL )
AGUON MANZOW, )
)
)
               Plaintiff, )
)
    vs. )
)
)
ESTATE OF MARIA G. AGUON, ESTATE )
OF TERESITA G. AGUON AND MICHAEL )
JOSEPH AGUON, )
)
)
             Defendant. )

Civil Case no. CV 0628-12

**DECISION AND ORDER**
re: Motion to Dismiss

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on August 22, 2012. The Plaintiff is represented by Attorney Leevin T. Camacho. The Defendant Michael Joseph Aguon is represented by Attorney Carlos L. Taitano. After considering the matters presented, the court now issues the following decision and order granting the Defendant's motion to dismiss.

## BACKGROUND

This case arises out of probate case PR0207-52, In the matter of the estate of Ignacio Ojeda Aguon, and PR0266-90, In the matter of the estate of Maria Garrido Aguon. On May 18, 2012, the Court filed its "Findings of Fact and Conclusions of Law and Decree of Final Distribution" in the consolidated probate case ("Final Decree"). By the Final Decree, the Court found the whole estate of the decedent, Ignacio Ojeda Aguon, was distributed to Maria Garrido

Aguon (Counsel Certif. ¶ 3 Ex. A 2:1-8), and that the decedent, Maria Garrido Aguon, disinherited, by will, all of her heirs, except one, whose name is Teresita Garrido Aguon(Counsel Certif. ¶ 3 Ex. A. 6:19-21).

Plaintiffs filed their Complaint for the instant action on May 23, 2012. On July 9, 2012, Defendant Michael Joseph Aguon filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. More specifically, Defendant argues the claims and causes of action in the Complaint are barred by res judicata or collateral estoppel or otherwise fail to state any cause of action upon which any relief can be granted.

## DISCUSSION

### a. Res Judicata or Collateral Estoppel

First, the Court will discuss whether or not Plaintiff's claims are barred by res judicata or collateral estoppel. Res judicata, or claim preclusion[1], as defined by the Guam Supreme Court in *Zahnen v. Limtiaco,* is "the doctrine by which a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action" *Zahnen v. Limtiaco,* 2008 Guam 5 ¶ 10 (quoting *In re Application of Leon Guerro,* 2001 Guam 22 ¶ 20 and *Trans Pac. Exp. Co. v. Oka Towers Corp.,* 2000 Guam 3 ¶ 13). Claim Preclusion prevents litigation of a claim that was not litigated in a previous suit, but could have been. *Id.* (quoting *Gospel Missions of Am. V. City of Los Angeles,* 328 F.3d 548, 555 (9th Cir. 2003)). To successfully invoke a claim preclusion as a defense, one must show that the following elements are present: "(1) a final judgment on the merits in an earlier suit, (2) an identify of the causes of the causes of action in both the earlier and later suit, and (3) an identity of the parties or their privies in the two suits." *Id.* (quoting *Trans Pac. Exp. Co. v. Oka Towers Corp.,* 2000 Guam 3 ¶

16 and *Caswell Realty v. Andrews Co.,* 496 S.E.2d 607 , 610 (N.C. Ct. App. 1998)); *See also Leon Guerrero,* 2001 Guam 22 ¶ 24.

To assert a defense of claim preclusion, there must be a final judgment on the merits in an earlier suit. Plaintiffs' assert themselves to be "heirs" of the estates in the consolidated probate case. However, Plaintiffs' claims against the Estate of Joaquin Leon Guerrero Aguon have already been adjudicated in a prior probate proceeding. *Zahnen,* 2008 Guam 5. A final judgment on the Final Decree was filed on June 1, 2012, awarding the disputed property to Teresita Aguon. The Court finds this element has been met because a final judgment on the merits was entered in the consolidated probate case. As for the third element, although the identity of the parties in the two suits is not literally identical, the parties are substantially similar. Defendant Estate of Teresita Aguon and Michael Joseph Aguon inherited the property in question from Estate of Ignocio Aguon and Maria Aguon. The Plaintiffs herein were the objectioners and presented their arguments in the consolidated probate case, therefore the Court finds the parties to be the same or in privity.

The next question before the Court is whether or not there is an identity of the causes of action in both the earlier and later suit. The complaint in the instant action requests for an imposition of a constructive trust and a declaration of clear and quiet title for the lots which are being disputed (Lot 5313, 5309, 5312, 5316 and 5316-1). The prior probate case involved the distribution of the above stated lots. Plaintiffs allege Defendants gained the property through fraud, accident, mistake, and/or undue influence. 18 GCA § 65110. Furthermore, Plaintiffs argue the probate court has limited jurisdiction involving the right of heirship and distribution and have not adjudicated the claims in the instant case. Finally, Plaintiff contend the remedies

---

[1] "Res Judicata" can refer generally to both "claim preclusion" and "issue preclusion." *Miga v. Warren City School*

are different in the prior probate proceeding and the instant case.

Defendant urges the Court to dismiss the complaint based on claim preclusion. In the prior probate proceeding, the litigants filed objections and held two adversarial hearings in which Plaintiffs fully litigated or could have fully litigated these issues. The Court finds that the facts and the issues in the prior proceeding are the same as the instant case. Although the remedy Plaintiff seeks are phrased differently, they essentially request for the same type of relief: property interest in the lots returned by the Guam Ancestral Land Commission. Based on the Final Decree issued by the probate court, the Court found the litigants to have no property interest in lots in question. Maria Garrido Aguon was the beneficiary to the residual clause the Estate of Ignacio Aguon and Teresita Aguon was the only heir in Maria Garrido's will. Therefore, Teresita Aguon is the rightful owner of the lots returned by the Guam Ancestral Land Commission.

In 1971, Maria Aguon petitioned for Distribution to Sole Distributee Without Rendering Account. Notice requirements were satisfied at the time via posted notices and mailed notices to all living heirs of Ignacio Ojeda Aguon. *In the Matter of the Estate of Ignacio Ojeda Aguon, In the Matter of the Estate of Maria Garrido Aguon,* Findings of Facts and Conclusions of Law and Decree of Final Distribution ¶ 2 (PR0207-52) (PR0266-90). Adequate notice was given by law, all heirs were well beyond the age of majority, and no objections were made at that time. Subsequently, Maria Garrido Aguon disinherited all but one heir, Teresita Aguon, in her will. Plaintiffs did not object to the distribution until 2012, more than forty (40) years later. The probate Court decided the case on its merits and affirmed the 1971 decree. Judge Perez rejected Plaintiffs argument and found their objections to be untimely, too late, and prejudicial to the

*Dist. Bd. Of Educ.,* 465 U.S. 75, 77 n.1 (1984).

Defendants who have relied on the prior decrees.

The Court agrees and finds the identity of the causes of action in both the earlier and later suit to be the substantially similar. Therefore, the Court grants Defendant's motion to dismiss because Plaintiffs claims or causes of action are barred by res judicata or collateral estoppel. The Court need not address whether or not dismissal is warranted on other grounds such as failure to state any claim upon which any relief or because there is a prior pending action in the Guam Supreme Court.

## CONCLUSION

After reviewing the complaint and causes of action, the Court finds Plaintiffs claims and causes of action are barred by res judicata or claim preclusion. The Court GRANTS Defendant's motion to dismiss.

SO ORDERED, this 17 day of November 2012.

HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam